IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Corey Outlaw, | ) Civil Action No.: 2:12-2250-TMC-BHH |
| Petitioner, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Darlene Drew, | ) |
| Respondent. | ) |

The Petitioner brought this action seeking relief pursuant to 28 U.S.C. § 2241. On October 18, 2012, the Respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. (Dkt. No. 13.) By order of this court filed October 19, 2012, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the Petitioner was advised of the dismissal and summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 14.) Despite this explanation, the Petitioner did not respond to the motion.

As the Petitioner is proceeding *pro se*, the court filed a second order on November 30, 2012, giving the Petitioner through December 20, 2012, to file his response to the Motion to Dismiss, or in the Alternative, for Summary Judgment. (Dkt. No. 16.) The Petitioner was specifically advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute. The Petitioner did not respond.

Based on the foregoing, it appears the Petitioner no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982). *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

s/Bruce Howe Hendricks
December 28, 2012          United States Magistrate Judge
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).